# 1. STATE DOCKET SHEET

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back   Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. C-4618-16-E

| | |
|---|---|
| Karen Sanders, vs. Havid n Rodr guez, Guy Bailey The University of Texas-Pan American, and The University of Texas Rio Grande Valley, | § § § § § |

Case Type: **Injury or Damage - Other (OCA)**
Date Filed: **10/06/2016**
Location: **275th District Court**

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Attorneys** |
| **Defendant** | **Bailey, Guy** | **Esteban San Miguel Soto** |
| | | *Retained* |
| | | 512-475-4099(W) |
| **Defendant** | **Rodriguez, Havidan** | **Esteban San Miguel Soto** |
| | | *Retained* |
| | | 512-475-4099(W) |
| **Defendant** | **The University of Texas Rio Grande Valley** | **Esteban San Miguel Soto** |
| | | *Retained* |
| | | 512-475-4099(W) |
| **Defendant** | **The University of Texas Rio Grande Valley** | **Esteban San Miguel Soto** |
| | | *Retained* |
| | | 512-475-4099(W) |
| **Defendant** | **The University of Texas- Pan American** | **Esteban San Miguel Soto** |
| | | *Retained* |
| | | 512-475-4099(W) |
| **Defendant** | **The University of Texas- Pan American** | **Esteban San Miguel Soto** |
| | | *Retained* |
| | | 512-475-4099(W) |
| **Plaintiff** | **Sanders, Karen** | **KATIE P. KLEIN** |
| | | *Retained* |
| | | 956-687-8700(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/06/2016 | **Original Petition (OCA)** |
| 10/07/2016 | **Citation** |
| | *ESERVED TO ATTORNEY* |
| | Rodriguez, Havidan — Unserved |
| | Bailey, Guy — Unserved |
| | The University of Texas- Pan American — Unserved |
| | The University of Texas Rio Grande Valley — Unserved |
| 10/07/2016 | **Service Issued** |
| | *TO ALL DEFENDANTS* |
| 11/07/2016 | **Answer** |
| | *Defendants' Answer and Affirmative Defenses* |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Defendant Rodriguez, Havidan** | | |
| Total Financial Assessment | | 2.00 |
| Total Payments and Credits | | 2.00 |
| **Balance Due as of 11/09/2016** | | **0.00** |
| | | |
| 11/08/2016 | Transaction Assessment | 2.00 |
| 11/08/2016 | EFile Payments from TexFile | Receipt # DC-2016-084861 | Rodriguez, Havidan | (2.00) |

**Plaintiff** Sanders, Karen

| | | | |
|---|---|---|---|
| Total Financial Assessment | | | 366.00 |
| Total Payments and Credits | | | 366.00 |
| **Balance Due as of 11/09/2016** | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 10/07/2016 | Transaction Assessment | | | 366.00 |
| 10/07/2016 | EFile Payments from TexFile | Receipt # DC-2016-076972 | Sanders, Karen | (366.00) |

# 2. PLAINTIFF'S ORIGINAL PETITION

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

CAUSE NO. C-4618-16-E

| | | |
|---|---|---|
| Karen Sanders, | § | |
|   Plaintiff | § | In the _____ |
| | § | |
| vs. | § | |
| | § | Judicial District Court of |
| Havidán Rodríguez, Guy Bailey | § | |
| The University of Texas-Pan American, | § | |
| and The University of Texas Rio Grande | § | |
| Valley, | § | Hidalgo County, Texas |
|   Defendants. | § | |

## Plaintiff's Original Petition

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **KAREN SANDERS**, Plaintiff in the above-styled and numbered cause,

files this her Original Petition, and for cause of action would respectfully show the following:

### I. Parties

1. Plaintiff **KAREN SANDERS** is an individual who resides in Hidalgo County, Texas.

2. Defendant **HAVIDÁN RODRÍGUEZ** is an individual who resides in Hidalgo

County, Texas, and may be served with service of process at his place of business located at 1201

West University Drive, Edinburg, Hidalgo County, Texas 78539-2999.

3. Defendant **GUY BAILY** is an individual who resides in Hidalgo County, Texas, and

may be served with service of process at his place of business located at 1201 West University

Drive, Edinburg, Hidalgo County, Texas 78539-2999.

4. Defendant **THE UNIVERSITY OF TEXAS-PAN AMERICAN** ("UTPA") is a state

university that may be served with process by serving President Guy Bailey at 1201 West

University Drive, Edinburg, Hidalgo County, Texas 78539-2999.

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

5. Defendant **THE UNIVERSITY OF RIO GRANDE VALLEY ("UT-RGV")** is a state university that may be served with process by serving President Guy Bailey at 1201 West University Drive, Edinburg, Hidalgo County, Texas 78539-2999.

## II. Jurisdiction and Venue

6. Plaintiff **KAREN SANDERS** would show that this Court has jurisdiction over the parties because Defendants **UTPA** and **UT-RGV** are Texas public universities.

7. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff **KAREN SANDERS** seeks monetary relief of over $1,000,000.00. *See* Tex. R. Civ. P. 47(c). **SANDERS** further demands judgment for all other relief to which she deems herself entitled.

8. The damages sought are within the jurisdictional limits of the Court.

9. Venue is proper in Hidalgo County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County, Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (West 2015).

## III. General Facts and Allegations

10. In the summer 2005, Plaintiff **KAREN SANDERS** began her employment as an assistant professor of art in the College of Art and Humanities with Defendant **UTPA**.

11. In or about 2006-2008, **SANDERS** was employed as an assistant professor of art and assistant chair of the art department at **UTPA**.

12. In or about 2008 through on or about August 31, 2015, **SANDERS** was an associate professor of art at UTPA.

13. In or about 2005, **SANDERS** became tenured at **UTPA**, and through the UT System.

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

14.  Rule 31008 of UT System's Rules and Regulations of the Board of Regents states that faculty members who have been granted tenure may only be terminated for good cause shown.

15.  The 2013 legislation creating the new university later to be named **UT-RGV** stated: "In recognition of the abolition of The University of Texas-Pan American and The University of Texas at Brownsville as authorized by this Act, the board of regents shall facilitate the employment at the university created by this Act of as many faculty and staff of the abolished universities as is prudent and practical." *See* Act of June 14, 2013, 83rd Leg., R.S., ch. 726, § 5(c), 2013 Tex. Sess. Law Serv. 1846, 1850 (West).

16.  In the Spring 2013, **SANDERS** took leave from **UTPA** under the Family and Medical Leave Act to take care of her father in Detroit, Michigan and also to receive medical treatment.

17.  In or about May 2014, Defendant **GUY BAILEY**, Ph.D. became the Founding President of **UT-RGV**.

18.  On May 14-15, 2014, the Board of Regents of UT System met in Austin, Texas.

19.  At the meeting on May 15, 2014, UT System Board of Regents approved a hiring process for hiring tenured and tenure-track faculty members from **UTPA** and The University of Texas at Brownsville ("UTB") to **UT-RGV** known as Phase I hiring.

20.  On or about August 11, 2014, **UT-RGV** opened Phase I hiring and accepted applications from **UTPA** faculty members.

21.  **SANDERS** timely applied in Phase I hiring for her tenured faculty position in the art

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

department at **UT-RGV**.

22. On or about September 1, 2014, Defendant **HAVIDÁN RODRÍGUEZ**, Ph.D.
became President, Ad Interim, of **UTPA**.

23. On October 6, 2014, **SANDERS** was notified by **UT-RGV** that she would not be
offered a position in the first phase of faculty hiring because she did not fulfill the following
hiring criterion: 4.1c (no disciplinary action for the past seven years). The notification stated
**SANDERS** had until 5:00 p.m. on October 20, 2014, to submit additional material for
reconsideration if she believed the evaluation was incorrect and she wished to have it
reconsidered.

24. **RODRÍGUEZ** and **BAILEY** were the decision makers on **SANDERS'** Phase I
application who decided to deny her employment.

25. On October 20, 2014, before 5:00 p.m., **SANDERS** appealed the decision to deny her
employment at **UT-RGV**.

26. **SANDERS** was not hired in Phase I.

27. **SANDERS** applied for a position with **UT-RGV** during Phase II Hiring. By email
dated May 18, 2015, **SANDERS** was notified that she would not be hired.

### IV. Plaintiff's Causes of Action

28. The following claims are alleged jointly and/or alternatively, with consistent and/or
inconsistent facts and remedies. The claims are as follows:

A.      **Cause of Action for Violations of FMLA**

29. All conditions precedent to jurisdiction have occurred or been complied with:

**C-4618-16-E**

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

Plaintiff **KAREN SANDERS** had been employed for at least 12 months by **UTPA**, and had worked at least 1,250 hours for **UTPA** in the last 12 month period prior to the FMLA leave request. Further, Plaintiff had been employed at a worksite where 50 or more employees were employed by the employer.

30. The "term" employer as defined under the FMLA includes any "public agency" and "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." *See* 29 U.S.C § 2611(4).

31. Defendants **UTPA** and **DR. HAVIDÁN RODRÍGUEZ** meet the definition of employer.

32. Each Defendant is individually liable for violating the FMLA.

33. Section 2615(a)(1) of the FMLA states: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

34. Section 2615(a)(2) states: "It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

35. Defendants **UTPA** and **HAVIDÁN RODRÍGUEZ** violated Section(s) 2615(a)(1) and/or 2615(a)(2).

36. Section 825.220(c) of the Code of Federal Regulations states in part that "employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions." *See* 29 C.F.R. 825.220. An employer's decision to use the taking of FMLA leave as a negative factor in employment actions is a violation of the Act. *Id.*

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

37.  **UTPA** and **HAVIDÁN RODRÍGUEZ** used FMLA leave as a negative factor in a disciplinary action against **SANDERS**.

38.  **RODRÍGUEZ** issued memos to **SANDERS** dated June 16, 2014, and July 21, 2014. In the July 21, 2014, memo, **RODRÍGUEZ** reduced **SANDERS**'s salary by $508.54 per month for 12 months beginning September 1, 2014, for a total of $6,102.50. The basis for the disciplinary action was **SANDERS** taking FMLA leave.

39.  The disciplinary action was used as the basis to deny **SANDERS** employment at **UT-RGV**.

40.  **UT-RGV** has assumed the full responsibility for the assets and liabilities of **UTPA** and is liable for **UTPA**'s violations of the FMLA and injuries and damages flowing therefrom asserted herein.

41.  **SANDERS** sues for all wages, salary, employment benefits and/or other compensation denied or lost by reason of the FMLA violations.

42.  **SANDERS** sues for front pay.

43.  **SANDERS** sues for a reasonable attorney's fee, reasonable expert witness fees and other costs of action.

44.  **SANDERS** sues for interest as allowed by law.

45.  **SANDERS** would further show that the acts and omissions complained of herein were committed willfully.

46.  **SANDERS** seeks recovery from **UTPA**, **UT-RGV**, and **RODRÍGUEZ** of liquidated damages. *See* 29 U.S.C. § 2617(a)(1)(A)(iii).

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**B.**   **Constitutional Claims**

    **1.**   **Preliminary Statement**

47.   **SANDERS** sues pursuant to 42 U.S.C § 1983 and 1988 and the United States

Constitution and its Amendments. Section 1983 provides in relevant part for redress for every

person within the jurisdiction of the United States for the deprivation under color of law of any

rights, privileges or immunities secured by the United States Constitution and laws.

48.   The acts and omissions described herein violated **SANDERS'** constitutional rights,

including but not limited to those guaranteed her by the Fifth and Fourteenth Amendments to the

United States Constitution.

49.   **SANDERS** seeks compensatory damages against **RODRÍGUEZ** and **BAILEY**,

punitive damages against the individual Defendants only, and a reasonable attorney's fee as

authorized by 42 U.S.C.A. § 1988.

    **2.**   **Due Process Claim**

50.   **RODRÍGUEZ** and **BAILEY** violated **SANDERS'** constitutional protection against

deprivation of property without due process under the Fifth and Fourteenth Amendments to the

United States Constitution concerning her interest in continued employment at **UTPA** and

employment at **UT-RGV**. Pursuant to 42 U.S.C. § 1983, **RODRÍGUEZ** and **BAILEY** are liable

to **SANDERS** for the Constitutional deprivation.

51.   **SANDERS** has a property interest in her continued employment with **UTPA** as a

tenured professor who may be terminated for good cause only. She also has a property interest in

employment at **UT-RGV**. This property interest arises from tenure approved by **UTPA**, and the

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

UT System Board of Regents, Rule 31007 of the Regents' Rules and Regulations, and an act enacted by the Legislature of the State of Texas, in part stating, "In recognition of the abolition of The University of Texas-Pan American and The University of Texas at Brownsville as authorized by this Act, the board of regents shall facilitate the employment at the university created by this Act of as many faculty and staff of the abolished universities as is prudent and practical." *See* Act of June 14, 2013, 83rd Leg., R.S., ch. 726, § 5(c), 2013 Tex. Sess. Law Serv. 1846, 1850 (West). As further evidence of the property right, on August 27, 2015, **BAILEY** made a public statement that **UTPA** and UT Brownsville's faculty were being merged into **UT-RGV**. Also, the UT System Board of Regents approved a hiring process for hiring tenured and tenure-track faculty members from **UTPA** to **UT-RGV** that guaranteed hiring of tenured faculty members from **UTPA** if eight criteria were met. Additionally, tenured and tenure-track faculty at **UTPA** that were transitioned to **UT-RGV** were given credit for their years of tenure or tenure-track at **UTPA** and their "tenure clock" did not restart at **UT-RGV**.

52. As discussed above and herein, **SANDERS** had a property interest/right in her employment at **UTPA** and **UTRGV**, and the termination of that interest was arbitrary and capricious. **SANDERS** would show that **RODRÍGUEZ** and **BAILEY** failed to exercise professional judgment, in a nonarbitrary and noncapricious manner, when depriving **SANDERS** of her protected property interest. **RODRÍGUEZ** and **BAILEY** abused their power to the extent that it shocks the conscience.

53. **SANDERS** would show that she was tenured by **UTPA** and the UT System. **SANDERS** was denied employment at **UT-RGV** for exercising her lawful right to take FMLA

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

**C-4618-16-E**

leave.

54.  As discussed above and herein, **SANDERS** had a property interest/right in her continued employment at **UTPA** and transitioning to **UTRGV**. She was denied by **BAILEY** and **RODRÍGUEZ** the right to notice and a hearing prior to the deprivation of her property right. **BAILEY** and **RODRÍGUEZ** had the opportunity to provide some type of adequate pre-deprivation remedy and failed to do so.

### 3.   <u>Damages</u>

55.  **SANDERS** sues **RODRÍGUEZ** and **BAILEY** for all damages that she is entitled. **SANDERS** sues for compensatory damages suffered in the past, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic damages, and compensatory damages that, in reasonable probability will be sustained in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses. **SANDERS** sues for the injury to her reputation proximately caused by **RODRÍGUEZ** and **BAILEY's** conduct.

56.  **SANDERS** sues **RODRÍGUEZ** and **BAILEY** for his reasonable attorney's fees in the past and future. *See* 42 U.S.C. § 1988.

### C.   <u>Declaratory Judgments</u>

57.  Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, **SANDERS** seeks a declaration against **UTPA** and **UT-RGV** that she is being denied a constitutionally protected property interest, continued employment in a tenured position in the corresponding academic unit at **UT-RGV**, and transition to **UT-RGV** in a tenured position in the corresponding

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

academic unit by the Universities without due course of law in violation of Article 1, Section 19 of the Texas Constitution.

58.  Pursuant to the Federal Declaratory Judgments Act (28 U.S.C. § 2201), **SANDERS** seeks a declaration against **UTPA** and **UTRGV** that she is being denied a constitutionally protected property interest, continued employment in a tenured position in the corresponding academic unit at **UT-RGV**, and transition to **UT-RGV** in a tenured position in the corresponding academic unit by the Universities without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

**D.**    **Equitable Relief**

59.  **SANDERS** sues **UT-RGV** and requests that she be appointed to a tenured position at **UT-RGV** in the academic unit that corresponded to his academic unit at **UTPA**.

60.  **UT-RGV** interfered with **SANDERS**' property interest in tenured employment at **UT-RGV** without due process in violation of the Fifth and/or Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution.

61.  **SANDERS** sues **RODRÍGUEZ** and **BAILEY** for equitable/prospective relief. **SANDERS** requests that she be appointed to a tenured position at **UT-RGV** in the academic unit that corresponded to her academic unit at **UTPA**. **SANDERS** asserts that not being transitioned to **UT-RGV** as a tenured professor is a continuing violation of federal law within the *Ex parte Young* doctrine.

## V. Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff **KAREN SANDERS**

Electronically Filed
10/6/2016 5:53:31 PM
Hidalgo County District Clerks
Reviewed By: Leticia Pecina

respectfully prays that upon trial of this suit, she recover the following:

1.   Compensatory damages, reasonable attorney's fees, and costs of suit against Defendants **RODRÍGUEZ**, **BAILEY**, **UTPA**, and **UT-RGV**;

2.   Punitive damages against Defendants **RODRÍGUEZ** and **BAILEY**;

3.   Costs and reasonable and necessary attorney's fees **SANDERS** incurred on her Texas Declaratory Judgment Act claim and Federal Declaratory Judgments Act claim against **UTPA** and **UTRGV**, including appellate fees;

4.   All damages allowed under Plaintiff's statutory cause of action;

5.   Liquidated damages;

6.   Prejudgment interest as provided by law;

7.   Post-judgment interest as provided by law;

8.   Costs of Court;

9.   Declaration(s) as requested herein;

10.   Equitable relief as identified herein above; and

11.   Such other and further relief at law or in equity, which he may show herself justly entitled.

Respectfully submitted,

DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave., Suite 202
McAllen, Texas 78501
(956) 687-8700 Telephone
(956) 687-2416 Facsimile
office@daleklein.com

/s/ William Mount, Jr.
KATIE PEARSON KLEIN
State Bar No. 11561900
WILLIAM D. MOUNT, JR.
State Bar No. 14602950
Attorneys for Plaintiff

# 3. SERVICE ISSUED – ALL DEFENDANTS

**C-4618-16-E**
**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**THE UNIVERSITY OF TEXAS PAN AMERICAN**
**BY SERVING ITS PRESIDENT: GUY BAILEY**
**1201 W UNIVERSITY DRIVE**
**EDINBURG TX  78539**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation.  The file number and style of said suit being C-4618-16-E, **KAREN SANDERS, VS.  HAVID N RODR GUEZ, GUY BAILEY   THE UNIVERSITY OF TEXAS-PAN AMERICAN,   AND THE UNIVERSITY OF TEXAS RIO GRANDE  VALLEY,**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202  MCALLEN TX  78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**JENNIFER SNIDER, DEPUTY CLERK**

## C-4618-16-E
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
        miles ....................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

C-4618-16-E
275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY
BY SERVING ITS PRESIDENT: GUY BAILEY
1201 W UNIVERSITY DRIVE
EDINBURG TX  78539**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4618-16-E, **KAREN SANDERS,   VS.   HAVID N RODR GUEZ, GUY BAILEY   THE UNIVERSITY OF TEXAS-PAN AMERICAN,   AND THE UNIVERSITY OF TEXAS RIO GRANDE  VALLEY,**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX  78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK
100 N. CLOSNER  EDINBURG, TEXAS
HIDALGO COUNTY, TEXAS**

_____
**JENNIFER SINDER, DEPUTY CLERK**

## C-4618-16-E
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
          miles ...................$_____

_____
**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

**C-4618-16-E**
**275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**

**STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**THE UNIVERSITY OF TEXAS PAN AMERICAN**
**BY SERVING ITS PRESIDENT: GUY BAILEY**
**1201 W UNIVERSITY DRIVE**
**EDINBURG TX  78539**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4618-16-E, **KAREN SANDERS, VS. HAVID N RODR GUEZ, GUY BAILEY THE UNIVERSITY OF TEXAS-PAN AMERICAN, AND THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY,**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202  MCALLEN TX  78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**JENNIFER SNIDER, DEPUTY CLERK**

## C-4618-16-E
## OFFICER'S RETURN

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
         miles ....................$_____

_____
**DEPUTY**

### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

## C-4618-16-E
## 275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

### CITATION

### STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**HAVIDAN RODRIGUEZ**
**1201 W UNIVERSITY DRIVE**
**EDINBURG TX 78539**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida, 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 6th day of October, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-4618-16-E, **KAREN SANDERS VS. HAVID N RODR GUEZ, GUY BAILEY THE UNIVERSITY OF TEXAS-PAN AMERICAN, AND THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY,**

Said Petition was filed in said court by KATIE P. KLEIN, 1100 E JASMINE AVENUE SUITE 202 MCALLEN TX 78501.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 7th day of October, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**JENNIFER SANDER, DEPUTY CLERK**

**C-4618-16-E**
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:   serving ... copy(s) $_____
        miles ...................$_____

_____
**DEPUTY**

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF,**
**CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____
**Declarant"**

_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

# 4. DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Electronically Filed
11/7/2016 4:27:30 PM
Hidalgo County District Clerks
Reviewed By: Jennifer Sinder

CAUSE NO. C-4618-16-E

| | | |
|---|---|---|
| KAREN SANDERS, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | HIDALGO COUNTY, TEXAS |
| HAVIDAN RODRIGUEZ, GUY BAILEY, | § | |
| THE UNIVERSITY OF TEXAS PAN | § | |
| AMERICAN, AND THE UNIVERSITY | § | |
| OF TEXAS RIO GRANDE VALLEY, | § | 275th JUDICIAL DISTRICT |
| *Defendants.* | § | |
| | § | |

---

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW The University of Texas Rio Grande Valley ("UTRGV"), for and on behalf of The University of Texas – Pan American[1] ("University Defendants"), and Guy Bailey and Dr. Havidan Rodriguez in their individual and official capacities ("Individual Defendants") (collectively, "Defendants") and file this Original Answer and Affirmative Defenses, and would respectfully show the Court as follows:

### I.  GENERAL DENIAL

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendants deny each and every allegation of Plaintiff's Original Petition and demand strict proof thereof as required by law.

### II. AFFIRMATIVE DEFENSES

1.      Defendants assert the defenses of sovereign immunity from suit and liability for all claims to which these defenses apply.

---

[1] The University of Texas – Pan American was abolished September 1, 2015, and no longer exists, with its assets and liabilities assumed by UTRGV.

Electronically Filed
11/7/2016 4:27:30 PM
Hidalgo County District Clerks
Reviewed By: Jennifer Sinder

2.      The Individual Defendants assert the defenses of official or qualified immunity to claims made against them in their individual capacities.

3.      Defendants assert Plaintiff's own acts or omissions caused or contributed to her injuries, if any.

4.      Defendants assert that Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

5.      Defendants assert that all actions regarding Plaintiff were appropriate and were taken for legitimate, non-retaliatory, non-discriminatory, non-arbitrary, and non-capricious reasons.

6.      Defendants assert Plaintiff has failed to mitigate her damages, if any.

7.      Any compensatory or punitive damages which may be awarded in this matter are subject to the applicable statutory damages cap provided by state and federal law.

8.      Defendants assert that Plaintiff received all the due process to which she was entitled.

9.      Plaintiff lacks standing and has failed to demonstrate injury-in-fact, causation, or redressability necessary to establish standing.

10.     Defendants assert the defense of limitations to the extent that any of Plaintiff's claims are based upon acts or events which occurred outside of the applicable statute of limitations.

11.     Defendants assert that UTRGV is (or the University Defendants are) the real party in interest as to Plaintiff's claims brought against the Individual Defendants in their individual capacities.

12.     Defendants reserve the right to raise additional defenses that become apparent throughout the factual development of the case.

Electronically Filed
11/7/2016 4:27:30 PM
Hidalgo County District Clerks
Reviewed By: Jennifer Sinder

## IV. PRAYER

Defendants pray that Plaintiff take nothing by her suit, all costs be taxed and adjudged against Plaintiff, and Defendants be granted such other and further relief to which they justly may be entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Director of Defense Litigation

**ANGELA V. COLMENERO**
Chief, General Litigation Division

*/s/ Esteban S.M. Soto*_____
**ESTEBAN S.M. SOTO**
Assistant Attorney General
State Bar No.24052284
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2120
Facsimile: (512) 320-0667
esteban.soto@oag.texas.gov
*ATTORNEYS FOR DEFENDANTS*

Electronically Filed
11/7/2016 4:27:30 PM
Hidalgo County District Clerks
Reviewed By: Jennifer Sinder

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants' Original Answer and Affirmative Defenses served through electronic filing, on this the 7th day of November 2016, to:

William D. Mount, Jr,
DALE & KLEIN, L.L.P.
1100 E. Jasmine Ave., Ste. 202
McAllen, Texas 78501
office@daleklein.com
*ATTORNEY FOR PLAINTIFF*

*/s/ Esteban S.M. Soto*
**ESTEBAN S.M. SOTO**